UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **GREGORY A. GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CAUSE NO.  3:05-CV-415 AS |
| v. ) | |
| ) | |
| **ROBERT SCHMOLL,** ) | |
| ) | |
| **Defendant.** ) | |

*OPINION AND ORDER*

Gregory A. Griffin, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Griffin alleges that,

> Judge [Robert Schmoll] was without authority to order continued incarceration after posting bail/bond absent a legitimate violation. Poverty was utilized for such violation by the defendant and compounded unjustly by his illegal and abusive actions.

Complaint at 4. As a result, he alleges that he was held for 93 days.

State judges are entitled to absolute immunity from damages claims for judicial acts regarding matters within the court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 439, 364 (1978). All of the events Mr. Griffin describes occurred in court and involve judicial acts. State judges are entitled to immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. at 359. For the foregoing reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. 1915A.

**IT IS SO ORDERED.**

**ENTERED: July 18TH, 2005**

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**